Charles C. COLEMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13693.

United States Court of Appeals District of Columbia Circuit.

Argued June 13, 1957.

Decided Aug. 5, 1957.

Mr. John A. Kendrick, Washington, D. C. (appointed by this Court) for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

An appeal in forma pauperis was allowed from a conviction for rape and robbery in a most aggravated form. Although court-appointed counsel ably discharged the duties placed on him by this court, the full record now before us demonstrates that the appeal is without merit and frivolous and it is therefore dismissed under 28 U.S.C. § 1915(d) (1952), which provides:

> "The court * * * may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous * * *."

Appeal dismissed.

BAZELON, Circuit Judge (dissenting).

I would affirm the conviction on the ground that appellant has not shown it to be erroneous. I do not agree that the appeal should be dismissed as frivolous.

Upon appellant's petition for leave to appeal in forma pauperis and upon the Government's opposition thereto, a panel of this court granted such leave. Their decision did not imply that appellant was bound to succeed in his appeal, but only that he made contentions not "plainly without color of merit and frivolous." Cf. Corrigan v. Buckley, 1926, 271 U.S. 323, 329, 46 S.Ct. 521, 523, 70 L.Ed. 969. From the "full record now before us" and from the briefs and arguments, we may well conclude, as I do, that appellant's contentions are without merit, so that his appeal cannot succeed. But since a wrong contention is not the same as a frivolous contention, the "full record" discloses no more ground for dismissal of the appeal than the motion papers disclosed to our colleagues for denying leave to appeal in the first place.